<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ETHICAL FACTOR RX, LLC,<br>Plaintiff, | : | **Civil Action No. 25-08834 (SRC)** |
| v. | : | |
| HORIZON HEALTHCARE OF NEW JERSEY and HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br>Defendant. | : | **OPINION & ORDER** |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on Defendants Horizon Healthcare of New Jersey, Inc. and Horizon Blue Cross Blue Shield of New Jersey's ("Defendants" or "Horizon") motion to dismiss Plaintiff Ethical Factor Rx's ("Plaintiff" or "Ethical Factor") Amended Complaint (Dkt. No. 8, "AC") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11, "Motion"). Plaintiff filed a brief in opposition to the Motion. (Dkt. No. 12, "Opposition"). Defendants filed a brief in reply. (Dkt. No. 13, "Reply"). Plaintiff then filed a motion for leave to file a sur-reply, which Defendant opposed. Plaintiff filed a reply brief to that opposition. (Dkt. Nos. 14-16). That motion is **DENIED**. The Court heard oral argument on the motion to dismiss on January 22, 2026. For the following reasons, Defendants' Motion is **GRANTED** in part and **CONVERTED** in part.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Amended Complaint alleges the following relevant facts. Plaintiff is a Pennsylvania-based specialty pharmacy that services patients with chronic illnesses, including hemophilia. (AC

¶¶ 14-15). Horizon sells insurance policies that provide coverage benefits, and allows its subscribers to receive medically necessary services, including medications, from health-care providers and pharmacies which are either classified as in-network or out of network. In-network providers have contracts with Horizon to provide services to insured subscribers at specified rates of reimbursement. (Id. at ¶¶ 17-20). Horizon maintains a specific network of providers for hemophilia patients on Medicaid to receive medication and treatment for this disease. (Id. at ¶ 25, "Hemophilia Network"). The instant dispute arises out of Horizon's denial of Plaintiff's application to be admitted into Horizon's Hemophilia Network and become an in-network provider for Horizon-insured individuals with hemophilia.

In 2023, Plaintiff reached out to Horizon to discuss gaining admission into its Hemophilia Network. (Id. at ¶¶ 34-35). Horizon representatives informed Plaintiff that to be admitted into the Hemophilia Network, Plaintiff would first need to obtain a "Hemophilia Home Care Provider" designation from the New Jersey Department of Banking and Insurance ("DOBI"). (Id. at ¶ 37). Plaintiff further alleges that Horizon representatives, including, but not limited to, Peter Portalatin and Erin Keaveney, communicated to Plaintiff that if it obtained this designation, it would then certainly be admitted into the Hemophilia Network. (See Id. at ¶¶ 38, 39, 47, 49, 52, 55, 59). Plaintiff applied for and received the DOBI designation. (Id. at ¶¶ 40, 41, 43). After receiving the DOBI designation, Plaintiff applied for admission to Horizon's Hemophilia Network, but was rejected. (Id. at ¶¶ 50, 51, 54). Horizon informed Plaintiff by email dated March 19, 2025, that it would not be admitted into the Hemophilia Network because, "Horizon's Network of Hemophilia providers is robust and sufficient for the current needs of Horizon's Medicaid enrollees. There is

no need to add additional providers at this time, particularly a provider located 60 miles from the border of New Jersey." (Dkt. No. 1, Ex. C). [1]

On June 9, 2025, Plaintiff filed a complaint against Horizon. (Dkt. No. 1). Horizon filed a motion to dismiss that complaint on August 11, 2025. (Dkt. No. 7). Two weeks later, Plaintiff responded by filing the Amended Complaint, and on September 29, 2025, Defendant filed this Motion. (Dkt Nos. 8, 11). After the close of briefing on the Motion, Plaintiff filed a motion for leave to file a sur-reply, which has now also been fully briefed by both parties. (Dkt. Nos. 14-16). The Court heard oral argument on the Motion on January 22, 2026.

## II.   DISCUSSION[2]

To withstand a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff brings two claims requesting declaratory relief against Horizon (Counts III and IV) for its decision not to admit Plaintiff into its Hemophilia Network. Plaintiff essentially asserts

---

[1] While Horizon's email explaining Horizon's decision to deny Plaintiff admission to the Hemophilia Network is not attached as an exhibit to the Plaintiff's Amended Complaint, it was attached as an exhibit to its original Complaint, and Plaintiff explicitly discusses it in the Amended Complaint (AC ¶ 54). Accordingly, the Court may consider the content of that email at the motion to dismiss stage.

[2] Because the Court orders the Motion converted to a motion for partial summary judgement as to Counts I and II, and directs the parties to conduct limited discovery on those Counts, this opinion only discusses Counts III and IV.

that New Jersey statutes require Horizon to admit Ethical Factor into its Hemophilia Network. Count III alleges a violation of the DOBI Provider Statute, N.J.S.A. 26:2S-10.1, which is part of New Jersey's Health Care Quality Act. N.J.S.A. 26:2S-1 et seq. Count IV similarly alleges a violation of the Any Willing Provider Statute ("AWP Statute"), N.J.S.A. 26:2J-4.7, which is part of the Health Maintenance Organizations Act ("HMO Act"). N.J.S.A 26:2J-1 et seq.

Both parties seem to agree that neither of these statutes contain an express private right of action. (Mot. at 19; Opp. at 23).[3] Where a statute provides no express private right of action, a Court must determine whether the relevant legislature intended to create an implied private right of action instead. See Zanetich v. Wal-Mart Stores E., Inc., 123 F.4th 128, 138-39 (3d Cir. 2024) (surveying the history and development of implied private rights of action at the federal and state level.). Plaintiff has failed to persuade the Court that either the DOBI or the AWP statute should be read to imply a private right of action. Accordingly, Counts III and IV fail for because neither states a claim upon which relief may be granted.

In determining whether a statute includes an implied private right of action, New Jersey courts consider whether:

> (1) [P]laintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy.

R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 773 A.2d 1132, 1143 (2001). Though this analysis exists for implying causes of action, in general "New Jersey courts have been reluctant to infer a statutory private right of action where the Legislature has not expressly provided for such

---

[3] Though Plaintiff never directly states that there is no express private right of action, the Court understands it to agree with this proposition because at no point does it disagree with Defendant's analysis on the matter, and its brief in opposition to the Motion immediately turns to the analysis of the existence of an implied private right of action.

action." Id. at 1142.  This has especially been "the case for insurance statutes."  Med. Soc'y of New Jersey v. AmeriHealth HMO, Inc., 376 N.J. Super. 48, 59 (App. Div. 2005).

At least two courts in New Jersey, one federal and one state, have already searched the Health Care Quality Act and the HMO Act for implied private causes of action and have come up empty.  In Ass'n of New Jersey Chiropractors, Inc. v. Horizon Healthcare Servs., Inc., the New Jersey Appellate Division dismissed a claim for declaratory judgment brought by a group of Chiropractors against Horizon under a different section of the Health Care Quality Act.  2019 WL 2374632 (N.J. Super. Ct. App. Div. June 5, 2019).  That court found "that neither. . . the Act. . . nor [its] concomitant regulatory provisions, create a private cause of action that would allow plaintiffs to maintain an action for enforcement."  Id. at *2.  In so doing, that court analyzed each of the three Gaydos factors, and found that: (1) the Health Care Quality Act was enacted for the benefit of the consumer, not the provider; (2) that there is no evidence the legislature intended to grant any healthcare provider a private right of action; and (3) it would not be consistent with the legislative purpose to infer a private right of action, even where the plaintiff, as here, merely requested declaratory relief.  Id. at *2-3.

In Prime Aid Pharmacy Corp. v. Humana Inc., a sister court in this District, after conducting a full Gaydos analysis, dismissed a claim for declaratory relief under New Jersey's AWP statutes, finding:

> The New Jersey AWP statutes are found in Titles of the New Jersey Code encompassing a legislative scheme that regulates the insurance industry, and Plaintiff has failed to demonstrate that it would be consistent with that legislative scheme to infer a private cause of action. Given the broad authority granted to the Department of Banking and Insurance to enforce violations of the Titles in which the New Jersey AWP statutes can be found, this Court does not find any discernable legislative intent to authorize a private cause of action.

2017 WL 2889677, *3 (D.N.J. Mar. 2, 2017).

Plaintiff correctly points out that neither of these cases are binding precedent on this Court. (Opp. at 24). In interpreting state law, a federal court's task is to predict what the New Jersey Supreme Court would decide on the issues presented. Here the Court has, albeit not precedentially, the decision of an intermediate appellate court and the decision of a highly respected federal district court. Both essentially predict what the New Jersey Supreme Court would do if presented with the facts of this case. These cases are persuasive and this Court sees no reason to depart from their well-reasoned holdings. Plaintiff provides no case law to the contrary. Further, in its attempt to conduct an original analysis of both statutes, Plaintiff merely suggests that other statutes, like the Patient and Provider Protection Act demonstrate that "from the face of the [statutes not at issue in this case] the intent of New Jersey's legislature is clear—over the last few years New Jersey is seeking to provide meaningful protection to independent pharmacies, such as Ethical Factor, against from [sic] the abuses that insurance companies, such as Horizon, and pharmacy benefit managers perpetrate." (Opp. at 24). None of this constitutes persuasive argument sufficient to push this Court past the judiciary's general "reluctan[ce] to infer a statutory private right of action." Gaydos, 773 A.2d at 1142. Indeed, inasmuch as the Court previously noted the thrust of these statutes is to protect consumers, not pharmacies, Plaintiff's remedy, if any, is to complain to the Department of Banking and Insurance. Accordingly, Counts III and IV will be dismissed.[4]

\*   \*   \*

For these reasons and those stated on the record,

**IT IS** on this 26th day of January, 2026

---

[4] The Court notes that Defendants devoted considerable space in the Motion to arguing that even if private rights of action do exist here, the statutes do not compel Horizon to include Ethical Factor in its Hemophilia Network, but, because the Court finds that no private right of action exists, it does not reach this issue.

**ORDERED** that Plaintiff's motion for leave to file sur-reply (Dkt. No. 14) is **DENIED**[5]

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 11) is **GRANTED** in part and **CONVERTED** in part; and it is further

**ORDERED** that Counts III and IV of the Amended Complaint are **DISMISSED** with prejudice; and it is further

**ORDERED** that Defendant's Motion as to Counts I and II is **CONVERTED** to a motion for partial summary judgment; and it is further

**ORDERED** that as to Counts I and II, the parties will conduct discovery, limited to interrogatories, document requests, and no more than two (2) depositions per party, with a discovery and briefing schedule to be jointly proposed by the parties to the Court.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

---

[5] Even if the Court had considered the sur-reply, its determination on the motion to dismiss would be no different.